UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

STATE OF FLORIDA,

    Plaintiff,

v.                                                    Case No. 3:16cv540-MCR-CJK

NOBLE ANTHONY MOORE,

    Defendant.
_____/

AMENDED REPORT AND RECOMMENDATION

This matter is before the court on defendant's Notice of Filing a Notice of Removal and Notice of Removal from State Court to Federal Court. (Doc. 1). Having reviewed the notice of removal, the undersigned finds removal improper and recommends the matter be remanded to state court.

Defendant, who describes himself as "Noble Anthony Moore-EL who is a International Protected Official in accordance with Title 18 U.S. Code Subsection 112(b)(3)(B)&(C) and is a Natural Person, In Full Life, In Propria Personam and not Pro Se, Authorized Representative and consider the Accommodating Party (U.C.C. 3-402(b)(1)) which is the Executor for the ESTATE of ANTHONY JAMAINE MOORE, who is at law and legal analysis a fictional entity, in rem, ex rel.,

corporation, eng legis, vessel, seaman, artificial construct, and most definitely an estate," seeks to remove a state court criminal action to this court pursuant to 28 U.S.C. §§ 1440, 1441, 1443, 1446, and 1455.  As grounds for removal, plaintiff asserts he "has be racially discriminated against and has suffered racial inequality from the hand of the STATE OF FLORIDA by their sub-department/division called the First Judicial Circuit Court . . . and that he's (petitioner's) Federal Constitutional Secured Rights has been perpetually and continuously denied and violated . . . .  This has to be shown in order to satisfy the Two Part Test of the U.S. Supreme Court in which give the Federal Court Jurisdiction to hear this matter."

Defendant explains he was arrested for unlicensed practice of law and fraud based on what he describes as a "probable cause arrest affidavit back up by fabricated hearsay."  He complains "the Estate" was denied a bond in violation of the Eighth and Fourteenth Amendments to the United States Constitution and the Judiciary Act of 1789.  According to defendant, he was arrested on charges other than those set forth in the "arrest report" and thus was not "informed of the nature and cause of the offense" with which he was charged in violation of his Eighth Amendment right against excessive bail and the "ESCAMBIA COUNTY BOND SCHEDULE."  He says the judge who conducted his initial appearance "violated her OATH of Office

Case No. 3:16cv540-MCR-CJK

and did knowingly racially discriminated against" him by giving him a higher bond than that of a "European/Caucasian" who appeared before the judge the same day. He also says his "Liberty/Due Process Rights was continuously violated by limiting him to only travel a hundred miles from he's residence which is currently and properly in another State(Alabama). And by having him have to be subjected to taking urinalysis as his expense($25) and breath test($15) in which the accusatiol/allegations has nothing to do with drugs or narcotics of any sort."

Defendant notes the state court judge prohibited him from practicing law, which he maintains he is entitled to do despite the fact he has no law license. He claims the judge violated his right to work and "did knowingly force a Public defender(Steven Bayhi) on [him] in which [he] never requested which is against [his] Federal Fifth Amendment Rights to be compel to be a witness against [him]self this person is an officer/agent of the court who is employed by the same people that are accusing the ESTATE of committing this Commercial Crime (CFR Title 27 Section 72.11); this also violates [his] Federal Constitutional Sixth Amendment Right because [he] did not choose this person and have not and will not waive any of [his] Rights so the petitioner could handle [his] own legal affairs."

Page 4 of 6

Under 28 U.S.C. § 1443, a civil action or criminal prosecution may be removed from a state court to a federal district court when the state action is

> (1) [a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) [f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the grounds that it would be inconsistent with such law.

*Id.* Because "significant federalism concerns aris[e] in the context of federal removal jurisdiction," the removal statutes must be strictly construed, with all doubts resolved in favor of remand. *Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1049 (11th Cir. 2001); *see also Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

As set forth above, "[u]nder 28 U.S.C. § 1443, criminal defendants are entitled to remove their state prosecutions to federal court in extremely limited circumstances." *Id.* (internal marks omitted). "In order to properly remove a state court action to federal court under § 1443, 'the petitioner must show that the right upon which the petitioner relies arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Id.* (*quoting Alabama v. Conley*, 245 F.3d 1292, 1294 (11th Cir. 2001)). The phrase "any law providing for . . . equal civil

rights" does not "include rights of 'general application available to all persons or citizens.'" *Conley*, 245 F.3d at 1295 (*quoting Georgia v. Rachel*, 384 U.S. 780, 792 (1966)). In addition, "the petitioner must show that he has been denied or cannot enforce that right in the state courts." *Id.* (*citing Rachel*, 384 U.S. at 794). "If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4).

Here, defendant's stated grounds for removal include conclusory allegations of racial discrimination. Such allegations are insufficient to satisfy the second prong of the two-part test because plaintiff invokes no law providing for specific civil rights stated in terms of racial equality and instead cites constitutional and statutory provisions generally applicable to all people. He also has not alleged he cannot enforce his rights in state court, and there is no indication whatsoever that is the case. *See Taylor v. Phillips*, 442 F. App'x 441, 442-43 (11th Cir. 2011) ("Blanket charges that a defendant is unable to obtain a fair trial in state court are insufficient to support removal."). Because it plainly appears from the face of the notice that plaintiff is not relying upon a right that arose under federal law providing for specific civil rights stated in terms of racial equality, there is no basis for removal to this court and the

matter should be remanded.[1]

Accordingly, it is respectfully RECOMMENDED:

1.	That this matter be REMANDED to the state court from which it was removed.

2.	That all pending motions be DENIED as moot.

3.	That the clerk be directed to close the file.

At Pensacola, Florida, this 17th day of October, 2016.

/s/ Charles J. Kahn, Jr.
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* U.S.Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.

---

[1] This is not the first time plaintiff has improvidently removed a state court criminal matter to federal court, having previously removed a domestic violence case which the district court then remanded.  *See Moore-El v. Town of Summerdale*, Civil Action No. 13-00508-KD-B (S.D. Ala.).

Case No. 3:16cv540-MCR-CJK